Mariano Vázquez, Plaintiff and Appellee, v. Emilio Antuñano, Defendant and Appellant.

No. 8636. Argued March 18, 1943.—Decided April 13, 1943.

*Rodríguez & Parga* for appellant. *Luis Sánchez Vahamonde* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

Emilio Antuñano, the defendant, owned a house which he rented to Gonzalo Díaz. The plaintiff took his meals at Díaz's house. One day about 11:20 A. M. when the plaintiff entered the bathroom of the house, part of the floor, which had rotted, collapsed, resulting in injury to the plaintiff. The latter sued the defendant, the owner of the house, for damages in the amount of $3,000. The defendant has appealed from the judgment of the district court awarding the plaintiff $400 and $50 for attorney's fees.

The opinion of the district court reads in part as follows:

"The defendant contends in defense that he was never notified prior to the accident of the bad condition of the floor in the house. This was not necessary. The obligation of the defendant arose from §1802 of the Civil Code. It did not depend in any way on any contract of lease between him and Díaz. The owner of a building has the obligation to maintain it in good condition and if he does not comply with this duty thereby causing damage to a third person

he is obliged to idemnify the latter for the damages caused him. Nor was it necessary that the defendant have actual knowledge of the bad condition of the floor. The floor collapsed merely with the weight of the plaintiff when the latter entered the bathroom, which shows that if the defendant had complied with his duty to inspect it at reasonable periods of time he would have immediately observed its defective condition. *Torres* v. *Fernández,* 56 P.R.R. 459, conclusively decided the questions involved herein in favor of the plaintiff. We copy the following from that case:

" 'If by taking the necessary care incumbent upon him the defect could have been detected and he failed to take such necessary care, the owner is responsible.

" ' *     *     *     *     *     *     *

" 'If he had done his duty, he would necessarily have discovered the defect, and, such being the case, constructive knowledge thereof may be imputed to him. Having knowledge of the same he failed to repair them. His negligence is evident and the responsibility arising therefrom unavoidable.'

"See also *Roa* v. *Puig et al.,* 19 P.R.R. 366, *Pérez* v. *Gandía,* 32 P.R.R. 517, and *Miranda* v. *Méndez,* 50 P.R.R. 810."

Although there was some conflict in the testimony herein as to whether the bathroom floor was completely or only partially covered by lineoleum, all the witnesses for the plaintiff, including other boarders, testified that, in spite of the linoleum, the rotten condition of the floor had been plainly visible for several months. Indeed, the witnesses for the plaintiff testified that the wife of the lessee had been warned by them of this condition, although the lessee denied these warnings had been given. In any event, taking the view of the testimony most favorable to the plaintiff, no latent defect in the condition of the house is involved in this case. Cf. *Ortiz* v. *McCormick Steamship Co.,* 57 P.R.R. 551, 56.

We are therefore concerned herein only with defects which could be observed by an ordinary and reasonable inspection. As to such defective conditions, the district court misunderstood the scope of the *Torres* case and the other cases cited in its opinion. The language which the lower

court quoted from the *Torres* case as set forth above was taken out of its context. In that language this court, through Chief Justice Del Toro, was referring to the liability of a landlord for failure to maintain in repair some steps in the yard leading to the roof of the house in which several tenants, lived. These steps remained at all times under the control of the landlord, and were maintained by him for the use of all the tenants, including the plaintiff. Under such circumstances, as the language of the Chief Justice indicated, no notice by the lessee to the lessor is required, and the liability of the landlord for injuries resulting from his negligent failure to maintain properly such steps is absolute.

But the facts of the instant case are quite different. Here the alleged defect was in the bathroom floor which, since the lessee went into possession four years ago, had been under the latter's exclusive control.

Section 1444 of the Civil Code provides that a lessor is obliged "To make thereon, during the lease, all the necessary repairs in order to preserve it in condition to serve for the purpose to which it was destined". But §1449 of the Civil Code contains the eminently reasonable provision that the lessee is obliged to give notice with the least possible delay of the necessity of the aforesaid repairs.

It is also true, as we pointed out in the *Torres* case, that a lessee is not confined in a tort action of this nature to his contract of lease and the sections of the Civil Code relating thereto. He is entitled to invoke §1802 of the Civil Code that "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done". Nevertheless, there must first be some act or failure to act on the part of the landlord which can be characterized as negligent before relief can be granted against him under §1802. Under the circumstances of the *Torres* case, we held that the provision for notice found in §1449 was unnecessary, in view of the landlord's

control of the steps, which were used in common by all the tenants, and that liability for negligence therefore existed under §1802. But in the instant case, we are unable to see how the landlord's failure to repair a bathroom floor which has been under the exclusive control of the lease for four years can be characterized as negligent in the absence of any notice of the necessity therefor by the lessee to the lessor pursuant to §1449 and in the absence of any knowledge of the need for such repairs otherwise obtained by the landlord. Indeed, the uncontradicted testimony was that the lessor, a month before the accident, had sent a carpenter to inquire of the lessee if any repairs were needed, and that the latter had replied in the negative. Both the lessor and the lessee testified without contradiction that no notice had been given by the latter to the former of the need for repairs. As a matter of fact, the lessee testified that no defect existed, but, as already noted, the lower court believed the witnesses of the plaintiff as to the existence of the defect, which must therefore be taken as established.

*Pérez* v. *Gandía*, cited by the lower court and discussed extensively with approval in our opinion in the *Torres* case, laid down the test which has been followed uninterruptedly by this court in similar cases. We pointed out in *Pérez* v. *Gandía*, in an opinion by Chief Justice Del Toro, who also wrote the opinion in the *Torres* case, at p. 519 that "Rosario [the tenant] had a right to receive guests in the house which he rented as a dwelling. Any person could enter it in the ordinary course of business and to all of them the owner was responsible. It was the duty of the owner to keep the house in a habitable condition and *if with knowledge of its unsafe condition* he negligently failed to repair the defects, he is liable for the damages that may have been caused thereby. His liability arises from the quasi-contract referred to in §1502 of the Civil Code . . . ". (Matter in brackets and italics ours).

The fact that in the *Pérez* case it was a health inspector who notified the lessor of the defective condition of the house rather than the lessee is immaterial. The important thing is that he had notice, which is a prerequisite under the circumstances herein to charging him with liability for accidents resulting from his failure to repair the house.

*Miranda* v. *Méndez*, 50 P.R.R. 810, in which the opinion was also written by Chief Justice Del Toro, is completely in accord with our previous cases. There the plaintiff-lessee had notified the defendant-lessor (p. 812) "of the bad condition of a small stairway leading from the house to the yard, and that in spite of such notice, neither the defendant nor his agent . . . made any repairs . . . ".

The holding in *Roa* v. *Puig et al.*, 19 P.R.R. 366, in which Mr. Justice MacLeary wrote the opinion, is not contrary to the rule laid down herein. In that case the plaintiff was a servant of the lessee. She alleged that she was so frightened by a beam falling from the ceiling of one of the rooms of the house that she suffered a miscarriage. Apart from the fact that the case involved a latent defect—"the bad condition of the beams was not perceptible to the eye of any ordinary observer" (p. 372)—this court said at pp. 372-3 that "The agent of the owner, considering the accident which took place in September of the previous year, should have been on the alert and have given the necessary instruction in due time so that the proper examination as to the conditions of the beams of the ceiling could have been made, in order to provide for all the repairs required by the circumstances, thus protecting his principal from any charge of fault or negligence." As can be seen, this court held in effect in this case that notice to the proper agent of the lessor of the falling of another beam shortly before the incident in controversy cured any alleged defect in the plaintiff's case arising out of the lack of a specific notice by the lessee to the landlord of the defect in question.

It is true that the opinion in the *Roa* case says at p. 372 that "Nor can it be alleged by the owner that she was not notified by the tenant of the condition of the house. Such notice is not required by the law and in this case the bad condition of the beams was not perceptible to the eye of any ordinary observer." The statement that "Such notice is not required by law" was a dictum, as the court actually held (*a*) that notice had been in effect given by the notice of the previous similar accident, and (*b*) that a latent defect was involved. But what is more important is that the dictum was delivered not as an interpretation of the requirement of notice found in §1449, as read together with §§1446 and 1802 of the Civil Code, but in interpreting two wholly different sections; namely, §§323 (then §396) and 325 (then §398) reading as follows:

"Section 323.—When a building, wall, column or any other construction is in danger of falling, the owner shall be obliged to demolish it, or to do whatever is necessary to prevent its falling.

"Should the owner of the unstable thing fail to do so, it may be ordered demolished at his expense by the authorities."

"Section 325.—In the cases referred to in the two preceding sections, should the tree or building fall, the owner shall be liable for the damages caused, except in cases of *vis major*."

We are not here concerned with whether a case arising under these sections requires no notice to the landlord, as indicated in the opinion in the *Roa* case. We need only point out that the statement was unnecesary for the decision therein, in view of the fact that this court found that constructive notice was given therein, and that in any event the instant case is controlled by other sections of the Civil Code.

The most recent expression of this court as to when notice by the lessee to the lessor is required is found in *Ortiz* v. *McCormick Steamship Co.*, 57 P.R.R. 551, where the court, through Mr. Justice Hutchison, stated the rule at p. 555 as follows:

"The lessee is required by section 1449 to give notice of the repairs needed to keep the leased property in condition to serve the purposes contemplated by the lease. This provision presupposes such possession and control by the lessee as will enable him to meet the statutory requirement. It imposes no obligation upon a lessee of the ground floor of a building to notify his lessor who retains the possession and control of the roof that it is in need of repair."

The common law rule seems substantially the same as outlined herein. The Comment on §357, Restatement of Torts, says in part at p. 968 that "Unless the contract stipulates that the lessor shall inspect the premises to ascertain the need of repairs, a contract to keep the interior in safe condition subjects the lessor to liability if, but only if, reasonable care is not exercised after the lessee has given him notice of the need of repairs." For an illuminating discussion of this entire subject, see Eldridge, Modern Tort Problems, Chapter V, Landlord's Tort Liability for Disrepair, p. 113 et seq.

The lower court in this case found a duty on the part of the landlord to inspect the bathroom floor, and from a failure to comply with that duty, imputed to the landlord constructive knowledge of the defects which he would have discovered by an ordinary inspection. The difficulty with that position, as we have seen, is that the district court took the Torres case to mean that such a duty of inspection always rests on a landlord, whereas that case only held that the duty devolved on the landlord under the circumstances therein, which were quite different from those found in the case at bar. Inasmuch as, under the circumstances of the instant case, actual knowledge on the part of the lessor is required to hold him liable herein, the complete failure of the proof to show any knowledge of the defective condition on the part of the landlord exculpates him from liability.

The judgment of the district court will be reversed and a new judgment for the defendant will be entered.